## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LORRAINE DEXTER - Power of
Attorney,**

    **Plaintiff,**      **CIVIL ACTION NO. 13-CV-14133**

  **vs.**         **DISTRICT JUDGE DAVID M. LAWSON**

            **MAGISTRATE JUDGE MONA K. MAJZOUB**

**FREDDIE MAC and JPMORGAN
CHASE & CO.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

  Currently pending before the Court is Defendants' Motion to Dismiss.  (Docket no. 9.) Plaintiff filed a Response, titled Plaintiff's Objection to Defendant's Brief (docket no. 11), and Defendants filed a Reply (docket no. 12).  All pretrial matters have been referred to the undersigned for consideration.  (Docket no. 4.)  The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

### I. Recommendation

  For the reasons that follow, the undersigned recommends granting Defendants' Motion to Dismiss [9] and dismissing this matter in its entirety.

### II. Report

#### A. Facts

  Plaintiff filed her Complaint on September 27, 2013, against Defendants Freddie Mac and JPMorgan Chase & Co.  (Docket no. 1.)  Plaintiff's Complaint is titled Claim and Complaint for

1

Quiet Title and seeks "One Million Dollars for Pain and Suffering and intentionally inflicted emotional distress" along with a declaratory ruling that Plaintiff is the "rightful title holder to property" located at 22717 Tireman, Redford, Michigan, 48239. (*Id.*)

Plaintiff's Complaint is in the form of a legal brief, including a "Statement of Facts," an "Introduction," an "Overview," and an "Argument" in lieu of enumerated paragraphs containing allegations, grounds for relief, and damages. (*See id.*) The document, however, is entirely devoid of factual allegations with the exception of the following:

1.   The loan was closed by Chase Manhattan Mortgage on November 4, 2003[;]

2.   The loan was declared in default on December 20, 2012[;]

3.   An Insurance benefit was paid out on or about January 20, 2012[; and]

4.   Chase completed the foreclosure on February 28, 2013 against [the property].

(*Id.* at 2.)

Notably, however, the loan closed by Chase Manhattan on November 4, 2003, was actually obtained by nonparty Rosemary Carter.[1] (*See* docket no. 9-2.) Ms. Carter died on January 14, 2010. (*See* docket no. 9-5.) Although not alleged in Plaintiff's Complaint, it appears that Plaintiff is Ms. Carter's sister and that Plaintiff lived with Ms. Carter at the home on Tireman. (*See id.*, (listing Plaintiff as the Informant on Ms. Carter's Certificate of Death).) Plaintiff has provided no evidence to suggest that she held any ownership interest in the property.

------

[1]As noted, Plaintiff failed to include any information regarding the property at issue or any of the facts leading up to the foreclosure. Thus, this section includes facts alleged by Defendants in their various Motions to the extent that those facts are supported by public documents or documents referred to in Plaintiff's Complaint. *See Greenberg v. Life Ins. Co. Of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *New England Health Care Emp. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

After a default occurred on the mortgage, the bank held a foreclosure sale. On March 8, 2013, a Sheriff's Deed on Mortgage Sale was recorded; the redemption period expired on August 28, 2013. (*See* docket no. 9-3.) Plaintiff brought her Complaint one month later. (*See* docket no. 1.)

**B.     Standard of review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not

bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

    C.    **Analysis**

        1.    **Defendant's Motion under Fed. R. Civ. P. 12(b)(6)**

As Defendants argue, Plaintiff's Complaint is utterly devoid of any factual allegations sufficient to survive a Motion to Dismiss under *Iqbal*. Plaintiff's Complaint does not allege that Defendants committed any acts at all, let alone any acts sufficient to entitle her to relief. Moreover, Plaintiff does not allege any injury beyond "pain and suffering" and "intentionally inflicted emotional distress."

Plaintiff does not respond to the assertions in Defendants' Motion. Instead, in her "Objections," Plaintiff argues that Defendant JP Morgan Chase does not have standing to file its Motion. (*See, generally*, docket no. 12.) Such a contention has no basis as the constitutional standing requirements and the prudential standing limitations apply only to plaintiffs. Construed liberally, Plaintiff's Objections appear to assert that Defendants did not have standing to foreclose on Ms. Carter's home. But even if the Court were to accept Plaintiff's vague and disjointed

4

argument, her contentions do nothing to cure the defect in her Complaint. Defendants' Motion should be granted.

### 2.   Defendant's Motion under Fed. R. Civ. P. 12(b)(1)

"Standing to sue is part of the common understanding of what it takes to make a justiciable case." *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Standing, at a minimum, requires that a plaintiff establish the existence of three elements: (1) injury in fact, "a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical;" (2) causation, "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant;" and (3) redressability, "a likelihood that the requested relief will redress the alleged injury." *Id.* (internal quotations and citations omitted). And "'[c]losely related to the constitutional requirement that a plaintiff must suffer a 'personal' injury to establish standing is the prudential requirement that a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 WL 988965, *7 (E.D. Mich. Mar. 13, 2014) (Duggan, J.) (quoting *Al–Aulaqi v. Obama*, 727 F.Supp.2d 1, 15 (D.D.C.2010) (citations omitted).

As discussed, *supra*, Plaintiff's Complaint is devoid of any factual allegations that would support her standing in this matter. Plaintiff has not alleged any harm suffered beyond her vague statements related to "pain and suffering" and "emotional distress." And she has not alleged that Defendants committed any acts at all, let alone any acts that could be traced to Plaintiff's alleged injuries. Even giving Plaintiff the benefit of the doubt and reading her Complaint liberally to infer that she is alleging some sort of mortgage fraud related to Defendants' foreclosure of the Tireman

property, Plaintiff is, at most, asserting Ms. Carter's rights, not her own.[2]  Plaintiff has provided no evidence or even allegations to suggest that she holds any interested in the property or that she was a party to the mortgage or the note.  Thus, Plaintiff lacks standing.

### 3.    Defendants' Motion under Fed. R. Civ. P. 17(a)

Under Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).  "[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law."  *Certain Interested Underwriters at Lloyd's London, England v. Layne*, 26 F.3d 39, 42–43 (6th Cir.1994).  The purpose of this rule is to protect the defendant from a subsequent suit by the party entitled to recover.  *T. Lemkau & Assoc., Ltd. v. Sowa Tool & Mach. Co., Ltd.*, No. 11–10039, 2011 WL 1256826, at * 5 (E.D.Mich. Apr.4, 2011).  As Defendant notes, Plaintiff is not the real party in interest in this matter because she holds no interested in the subject property and she is not a party to the mortgage or the note.

### D.    Conclusion

For the above-stated reasons, the undersigned recommends granting Defendants' Motion to Dismiss [9] and dismissing this matter in its entirety.

## III.   Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

---

[2]Plaintiff does entitle herself "Lorraine Dexter - Power of Attorney" in the case caption, but she does not explain this title further or provide any allegation or evidence to suggest that she is acting, legally or otherwise, on Ms. Carter's behalf.

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later

than fourteen days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: May 30, 2014                     s/ Mona K. Majzoub_____
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel
of Record and Plaintiff Lorraine Dexter on this date.


Dated: May 30, 2014                     s/ Lisa C. Bartlett_____
                                        Case Manager