UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORRAINE DEXTER,

                Plaintiff,

                                        Case Number 13-14133

v.                                       Honorable David M. Lawson

                                        Magistrate Judge Mona K. Majzoub

FREDDIE MAC AND JPMORGAN
CHASE & CO.,

                Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT, AND DISMISSING CASE WITH PREJUDICE

Plaintiff Lorraine Dexter filed a *pro se* complaint against the defendants seeking a "Declaratory Judgment . . . in the amount of One Million Dollars for Pain and Suffering and intentional inflicted emotional distress," and a declaration that the plaintiff is the rightful title holder of property on Tireman Street in Redford, Michigan. The Court referred the case to Magistrate Judge Mona K. Majzoub for pretrial management. Thereafter, the defendants filed a motion to dismiss, to which the plaintiff responded with a paper styled as an "objection." Judge Majzoub filed a report on May 30, 2014 recommending that the motion be granted and the case dismissed. The plaintiff filed an objection to the report and recommendation, and the matter is presently before the Court.

I.

The complaint is not a model of clarity or detail. The factual allegations are rather terse, and are quoted below in full:

1. The loan was closed by Chase Manhattan Mortgage on November 4, 2003.
2. The loan was declared in default on December 20, 2012.

      3.  An Insurance benefit was paid out on or about January 20, 2012.
      4.  Chase completed the foreclosure on February 28, 2013 against property address
      22717 Tireman Redford, MI 48239.

Compl. at 2.  Those allegations are followed by legal citations and "argument."  The plaintiff makes reference to standing requirements, asserts that cases can be brought only in the name of the real party in interest (citing Fed. R. Civ. P. 17), and cites a section of the National Housing Act, 12 U.S.C. § 1710, which deals with payment of claims under mortgage insurance policies.  Generously read, it appears that the plaintiff is alleging that the house on Tireman was subject to a mortgage, there was a default in the payments, the mortgagee applied for and was paid mortgage insurance proceeds, and then the bank (Chase) foreclosed the mortgage.  The plaintiff then prayed for the relief recited above.

      Based on information contained in the exhibits and the defendants' motion papers, the magistrate judge pieced together the following picture.  The plaintiff is actually not the one who obtained the loan and mortgage that the defendant foreclosed; it actually was obtained by nonparty Rosemary Carter, who died on January 14, 2010.  The plaintiff appears to be Rosemary Carter's sister and lived with her at the now foreclosed property.  The plaintiff is listed as the Informant on Ms. Carter's Certificate of Death, which was also filed as an exhibit to the defendants' motion to dismiss.  After a payment default occurred, the bank foreclosed by publication and held a sale.  That led to a sheriff's deed, which was recorded on March 8, 2013, and the redemption period ended on August 28, 2013.

      The defendants filed a motion to dismiss the complaint on November 7, 2013, alleging that the plaintiff does not have standing, is not the real party in interest, and the complaint fails to state a claim upon which relief can be granted.  After hearing from the plaintiff, Judge Majzoub

-2-

recommended that the motion be granted.  She suggested that the sparse factual allegations in the complaint could not support any recognized cause of action, and that the plaintiff never accused the named defendants of doing anything, let alone anything that would entitle the plaintiff to relief.  She rejected the plaintiff's argument that the defendants lacked "standing" to file their motion to dismiss, explaining that standing is a concept involving the right to sue, not the right to defend.  And she noted that the plaintiff here failed to establish her own standing to sue, because she did not allege any facts suggesting that she has an interest in the foreclosed property.  Judge Majzoub observed that the plaintiff appeared to be asserting Ms. Carter's rights, not her own.   Finally, the magistrate judge suggested that the complaint should be dismissed because the plaintiff failed to allege facts showing that she is the real party in interest and therefore failed to satisfy Federal Rule of Civil Procedure 17(a).

The plaintiff did not file timely objections to the report and recommendations, and the Court adopted it and entered judgment.  However, it appeared that the clerk failed to mail the plaintiff a copy of the magistrate judge's report.  Therefore, the Court vacated the judgment and permitted the plaintiff to file her objections, which have now been received.

## II.

Objections to a report and recommendation are given fresh review.  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The plaintiff's objections do not address the substance of the magistrate judge's report and recommendation. She begins with a section entitled "Plaintiff Cause of Action #1," and recites what she believes is the law pertaining to motions to dismiss and what is required; nothing else is alleged or challenged in this section. In the next section, "Chase and Plaintiff Rights to Standing #2 and #3," the plaintiff states that "the Plaintiff[']s 'Affidavit of Interest' and the implied agreement with Chase solidify the Plaintiffs interest (see Evidence B)." The plaintiff does not challenge any of the defendants' arguments in their motion to dismiss, explain the claims she makes in her complaint, or object to any aspect of the magistrate judge's recommendation. She simply repeats statements of facts and law from her complaint and "objection" to the defendants' motion to dismiss. Those objections, even generously read, are not sufficiently specific to permit a determination of why the plaintiff believes the magistrate judge got it wrong. *Miller*, 50 F.3d at 380.

Moreover, the magistrate judge correctly determined that the complaint does not state a viable claim. Although "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)), the plaintiff's complaint is largely incoherent and fails to state a claim against the named defendants. The reference to 12 U.S.C. § 1710 — a statute that describes a mortgage insurance program for lenders under the National Housing Act — suggests that the plaintiff might be claiming some benefit from the program, or complaining about a double recovery by the mortgagee. The complaint is not clear on that point. And nothing in the cited statute suggests that Congress has created a private right of action for a homeowner when it established that insurance program. Nor is there any allegation suggesting any wrongful conduct by the named defendants: there are no factual allegations in the complaint pertaining to "Freddie Mac" and the plaintiff only mentions "Chase Manhattan Mortgage" and "Chase" in stating that her sister's property was foreclosed by them. The complaint is largely an incoherent recitation of the law pertaining to motions to dismiss, "The Mutual Mortgage Insurance Fund," standing, and the requirements to be the real party in interest. The plaintiff did not connect the law to the facts related to herself or the defendants, and did not lay out the elements of any claim against them. The plaintiff's complaint fails to satisfy the pleading standards outlined by the magistrate judge, referencing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plaintiff's conclusion that she is entitled to damages from the defendants is not supported by factual allegations. The allegations are simply "bare assertions," and are therefore "conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. They are the type of "unadorned, the-defendant-unlawfully-harmed me accusation," that is disfavored. *Id.* at 678. The complaint fails because the pleaded facts do not allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. As in *Hahn v. Star Bank*, "[t]he complaint contains

no allegations whatsoever against [the defendants], and therefore the [plaintiff] can maintain no claim against them."  190 F.3d 708, 714 (6th Cir. 1999).

Nor has the plaintiff established a right to bring this action for herself.  To establish standing to sue, the plaintiff must plead facts that show "(1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury will likely be redressed by a favorable decision."  *Barnes v. City of Cincinnati,* 401 F.3d 729, 739 (6th Cir. 2005) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).  In addition, the plaintiff must satisfy three prudential standing requirements. *See City of Cleveland v. Ohio*, 508 F.3d 827, 835 (6th Cir. 2007). First, a plaintiff must "assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal citations omitted).  Second, "a plaintiff's claim must be more than a 'generalized grievance' that is pervasively shared by a large class of citizens."  *Coal Operators & Assocs., Inc. v. Babbitt,* 291 F.3d 912, 916 (6th Cir. 2002) (quoting *Valley Forge Christian College v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982)).  Third, in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question.  *Ibid.*  "These additional restrictions enforce the principle that, 'as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted.'"  *Ibid.*  (quoting *Pestrak v. Ohio Elections Comm'n,* 926 F.2d 573, 576 (6th Cir. 1991)).  Here, the plaintiff has not alleged that the defendants injured her, and she has not alleged any connection between her and the foreclosed property.  Further, she appears to be advancing the rights of her deceased sister, not her "own legal rights and interests."  *Warth*, 422 U.S. at 499.  The plaintiff alleges that the property was foreclosed by the defendants and she was apparently injured because of this, but the property was

-6-

owned by her sister, Ms. Carter, who had the legal interest in the property.  The plaintiff attached

two documents to her objections to the magistrate judge's report and recommendation, apparently

attempting to show that she has the legal interest in the property.  However, those are insufficient

because, as the defendants noted, the affidavits appear to be a request to transfer an interest in the

property that is incomplete, unsigned, and made by the plaintiff on behalf of her deceased sister.

The plaintiff also labels herself as the "power of attorney," but she does not explain or substantiate

that claim.

Finally, the plaintiff has not shown that she is the real party in interest.  Federal Rule of Civil

Procedure 17(a):

> An action must be prosecuted in the name of the real party in interest. The following
> may sue in their own names without joining the person for whose benefit the action
> is brought: (A) an executor; (B) an administrator; (C) a guardian; (D) a bailee; (E)
> a trustee of an express trust; (F) a party with whom or in whose name a contract has
> been made for another's benefit; and (G) a party authorized by statute.

The plaintiff falls into none of those categories.  She cannot maintain the lawsuit in her own name

when she has not suggested that any of her personal rights have been violated.  *See Airlines*

*Reporting Corp. v. S & N Travel, Inc.*, 857 F. Supp. 1043, 1046-47 (E.D.N.Y. 1994) (citing *Titus*

*v. Wallick*, 306 U.S. 282 (1939); 3A Moore's Federal Practice § 17.10 (1993)) ("A person authorized

to bring suit solely on the basis of a power of attorney is not a real party in interest; courts have

uniformly denied such a party the right to sue in its own name.").

III.

The Court, after giving fresh review to the defendants' motion to dismiss, in light of the

magistrate judge's report and recommendation and the plaintiff's objections, finds that the

magistrate judge reached the correct result.

Accordingly, it is **ORDERED** that the plaintiff's objections [dkt. #19, 20] are **OVERRULED**, and the magistrate judge's report and recommendation [dkt. #13] is **ADOPTED.**

It is further **ORDERED** that the defendants' motion to dismiss [dkt. #9] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  January 7, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 7, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI